IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  03-cv-01667-MSK-PAC

FRANK THURSTON,

    Plaintiff(s),

v.

UNITED TRANSPORTATION UNION AND UNITED TRANSPORTATION UNION GENERAL COMMITTEE OF ADJUSTMENT GO-386, and
BURLINGTON NORTHERN SANTA FE RAILWAY COMPANY,

    Defendant(s).
_____

## ORDER DENYING MOTION TO AMEND SCHEDULING ORDER
_____

**Patricia A. Coan, Magistrate Judge**

    Plaintiff brought this case originally pro se, under the Railway Labor Act, for relief for claimed damages arising out of a railroad merger.  Plaintiff claims violations of the duty of fair representation and arbitrary mistreatment.  He seeks money damages and injunctive relief returning him to the position of associate general chairman under the former Colorado and Southern Railroad Agreement.

    A September 8, 2003 Order of Reference referred this case to the undersigned for pretrial case management.  Trial in this matter is set for September 18, 2006.  The final pretrial conference is January 4, 2006.  Two dispositive motions were filed in May 2005, which are fully briefed and pending.  The discovery deadline was April 22, 2005. Counsel for plaintiff entered his appearance on May 6, 2005.   The matter now before the Court is Plaintiff's November 1, 2005 [amended] Motion to Amend Scheduling

03-cv-01667-MSK-PAC
November 5, 2005

Order, Doc. # 93.  A response has been filed.  No further briefing or argument would be of material assistance.

## I.

Plaintiff moves to amend the scheduling order to extend the discovery deadline to the end of February 2006 so he can take five depositions.  If he cannot take the five depositions, plaintiff claims he "is unable to properly bring his merger protection claim." *See* Pl. Motion at ¶5.  As grounds for the motion, plaintiff contends that he was not represented by counsel when the case was filed; that he cannot pursue his claims without the depositions; and that defendants would not be prejudiced because there are approximately ten months remaining until trial.

Defendants respond that, when counsel for plaintiff entered his appearance on May 6, 2005, he did not move for an extension of the discovery deadline; that he did not move for Rule 56(f) discovery when he filed summary judgment pleadings; that the dissatisfaction of counsel new to the case with the status of the case is not sufficient cause to amend the scheduling order; and that plaintiff failed to explain why the witnesses were necessary to plaintiff's case.

## II.

Good cause is required to amend a scheduling order under Rule 16(b), Fed. R. Civ.P.  The "good cause" required includes a showing that the party seeking the extension was diligent in his discovery efforts yet could not complete discovery by the

03-cv-01667-MSK-PAC
November 5, 2005

court-ordered deadline. *See SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1514 (10th Cir.1990); *Pumpco, Inc. v. Schenker Intern., Inc.*, 204 F.R.D. 667, 668-69 (D.Colo.2001)("[c]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief"). *Id.* (quotation omitted); *Hannah v. Roadway Exp., Inc.*, 200 F.R.D. 651, 653 (D.Colo.2001).

Prejudice to the party opposing the motion is not the standard. As Magistrate Judge Boland has explained,

> Rule 16(b) does not focus on the bad faith of the movant, *or the prejudice to the opposing party*. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, 'good cause' means that scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may 'modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension.' Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

*Pumpco*, 204 F.R.D. at 668 (internal citations omitted)(emphasis added).

Here, plaintiff's counsel entered his appearance on May 6, 2005, and the discovery deadline had passed, so he could not possibly engage in discovery unless he moved the court. For unknown reasons, counsel failed to move for an extension of the discovery deadline until almost six months later when he filed the instant motion. That is hardly a showing of diligence. Plaintiff also did not move for further discovery

03-cv-01667-MSK-PAC
November 5, 2005

under Rule 56(f)[1] when he filed his summary judgment pleadings and he has not explained why the depositions are necessary to his claims. Finally, just because a lawyer is new to a case does not automatically mean that there is good cause for the extension of previously set deadlines. *See Marcin Engineering, L.L.C. v. The Founders at Grizzly Ranch, LLC*, 219 F.R.D. 516, 521 (D. Colo. 2003)("[t]hat new counsel is dissatisfied with the state of the case [he] inherited is not grounds under this authority for reopening discovery long after the court-ordered deadlines have passed").

Moving to reopen discovery six months after plaintiff's counsel entered his appearance, without explaining why he delayed, is not due diligence. Therefore, under the facts presented here, which instead show carelessness and lack of diligence, I agree with Magistrate Judge Boland that there is no reason to grant relief. See *Colorado Visionary Academy v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo.2000)(M.J. Boland)([c]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief"). Accordingly, I will deny plaintiff's motion to amend.

---

[1] A party seeking additional discovery pursuant to Rule 56(f) must demonstrate through affidavit that the discovery is required for it to obtain "facts essential to justify the party's opposition" to summary judgment. Fed.R.Civ.P. 56(f).

03-cv-01667-MSK-PAC
November 5, 2005

## III.

For the reasons stated, it is hereby

**ORDERED** that Plaintiff's [amended] Motion to Amend Scheduling Order, filed November 1, 2005, Doc. # 93, is **denied**.

Dated this 5th day of November 2005.

> By the Court:
> s/Patricia A. Coan
> Patricia A. Coan
> Magistrate Judge