IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  03-cv-01667-MSK-PAC

FRANK THURSTON,

    Plaintiff(s),

v.

UNITED TRANSPORTATION UNION AND UNITED TRANSPORTATION UNION GENERAL COMMITTEE OF ADJUSTMENT GO-386, and
BURLINGTON NORTHERN SANTA FE RAILWAY COMPANY,

    Defendant(s).
_____

**ORDER**
_____

**Patricia A. Coan, Magistrate Judge**

Plaintiff asks for reconsideration of my order denying his motion to amend the scheduling order.  *See* Amended Motion for Reconsideration, Doc. # 100[1].  I have reviewed and considered plaintiff's motion and the response.  Further briefing and oral argument would not be material to my determination.

I.

The Federal Rules of Civil Procedure do not specifically provide for a motion for reconsideration.  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.1991); *Sierra Club v. Tri-State Generation and Transmission Ass'n, Inc.,* 173 F.R.D. 275, 287

---

[1] Plaintiff filed his original motion for reconsideration on November 15, 2005, Doc. # 97, within ten days of Doc. # 56, the November 5, 2005 Order denying his motion to amend the scheduling order.  The original motion for reconsideration was denied for lack of compliance with D.C. Colo. L.Civ.R. 7.1.A.  *See* Doc. # 99.

03-cv-01667-MSK-PAC
December 2, 2005

(D.Colo. 1997)(Nottingham, J.).  Such motions may, however, be considered either under Rule 59, or Rule 60, Fed. R. Civ.P.

A motion for reconsideration filed within ten days of entry of judgment is treated as a motion to alter or amend judgment under Fed.R.Civ.P. 59(e).  *See Dalton v. First Interstate Bank of Denver*, 863 F.2d 702, 703-04 (10th Cir. 1988).  Under Rule 59(e), the court may alter or amend an order or judgment, on one of three recognized grounds: an intervening change in controlling law, availability of new evidence previously unavailable, or the need to correct clear error or to prevent manifest injustice.  *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.,* 909 F.2d 1437, 1440 (10th Cir.1990).

A motion for reconsideration filed more than ten days after entry of a final order or judgment is construed as a motion for relief from judgment under Fed.R.Civ.P. 60(b). *Van Skiver*, 952 F.2d at 1243. Relief under Rule 60(b) is  "'extraordinary and may only be granted in exceptional circumstances.' " *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000)(quoting *Bud Brooks Trucking*, 909 F.2d at 1440). Grounds under Rule 60(b) include "mistake, inadvertence, surprise, or excusable neglect."  Fed.R.Civ.P. 60(b).

In the absence of a final judgment or order, the decision whether or not to vacate a previously issued decision is largely an equitable one which falls within the discretion

2

03-cv-01667-MSK-PAC
December 2, 2005

of the court. *Bartholic v. Scripto-Tokai Corp.,* 140 F. Supp. 2d 1098, 1121-22 (D.Colo. 2000)(J. Nottingham)(citing *Humphreys v. DEA*, 105 F.3d 112, 114 (3d Cir.1996). District courts have the inherent power to alter or amend interlocutory orders before the entry of final judgment. *National Business Brokers, Ltd. v. Jim Williamson Productions, Inc.*, 115 F. Supp. 2d 1250, 1255 (D. Colo. 2000)(J. Brimmer)(citation omitted). Thus, a court can alter its interlocutory orders even where the more stringent requirements applicable to a motion to alter or amend a final judgment under Rule 59(e) or a motion for relief from judgment brought pursuant to Rule 60(b) are not satisfied. *Id.* at 1256.

II.

Plaintiff does not cite Rule 59 or Rule 60, or indeed, any authority for his position. Instead, he moves for reconsideration using the same reasons stated in his motion to amend the scheduling order, including that he is a sole practitioner, and has a heavy workload. In the motion for reconsideration, counsel now admits he wanted to wait to engage in discovery until the dispositive motion was ruled on, and he does explain in more detail the discovery he thinks he needs, which consists of five depositions and some follow up written discovery.

Defendant opposes the motion as a rehashing of the previous motion to amend the scheduling order. I agree with defendant and Judge Brimmer's analysis, which is as follows:

03-cv-01667-MSK-PAC
December 2, 2005

> [n]otwithstanding the district court's broad discretion to alter its interlocutory orders, the motion to reconsider 'is not at the disposal of parties who want to 'rehash' old arguments.' Rather, as a practical matter, '[t]o succeed in a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.' A 'motion to reconsider ... should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence.'

*National Business Brokers*, 115 F. Supp. 2d at 1256 (internal citations omitted).

Here, plaintiff's counsel has failed to demonstrate any grounds warranting reconsideration under either Rule 59 or 60 or any ground for the exercise of the court's inherent powers. There is no issue of a change in controlling law or error and there is no new evidence; there is no mistake, inadvertence, surprise, or excusable neglect. All that counsel presents in his motion for reconsideration is a rehashing of the arguments raised in the motion to amend the scheduling order. The fact that counsel set out with more precision the discovery he needs is insufficient. Plaintiff has failed to carry his burden under either a Rule 59 or 60 final order analysis, or his burden for reconsideration of an interlocutory order under the court's inherent powers.

IV.

Accordingly, for the reasons stated, it is hereby

**ORDERED** that plaintiff's Amended Motion for Reconsideration, Doc. #100, is **denied**.

03-cv-01667-MSK-PAC
December 2, 2005

Dated this 2nd day of December 2005.

By the Court:

s/Patricia A. Coan
Patricia A. Coan
Magistrate Judge