IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 03-cv-01667-MSK-PAC

FRANK THURSTON,

    Plaintiff,

v.

UNITED TRANSPORTATION UNION AND UNITED TRANSPORTATION UNION
GENERAL COMMITTEE OF ADJUSTMENT GO-386, and
BURLINGTON NORTHERN SANTA FE RAILWAY COMPANY,

    Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING
MOTIONS FOR SUMMARY JUDGMENT**

THIS MATTER comes before the Court on the Defendants' Motions for Summary Judgment **(#71, #75)**. Having considered the motions, the responses **(#78, 85)**, the replies **(#83, 88, #89)**, any supporting briefs, and the documentary evidence attached thereto, the Court finds and concludes as follows.

**I. Jurisdiction**

For purposes of determining the pending motions, the Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

**II. Issue Presented**

When the Plaintiff, Mr. Thurston, commenced this action, he was *pro se* and asserted no enumerated claims. However, the Court discerned two claims in his Complaint: (1) Defendants United Transportation Union ("the Union") and United Transportation Union General Committee

of Adjustment GO-386 ("the Union Committee") breached their duty of fair representation; and (2) Defendant Burlington Northern Santa Fe Railway Company ("BNSF") colluded with the Union and the Union Committee in violation of the Railway Labor Act.[1]  For purposes of the Railway Labor Act, this has been pled as a hybrid case because the claim against BNSF is not severable from the claim against the Union and Union Committee.  *See Richins v. Southern Pacific Co.*, 620 F.2d 761, 762 (10th Cir. 1980).  The Court must determine whether a trial is required on these claims.

### III.  Material Facts

The following are the material undisputed facts, or disputed facts construed most favorably to Mr. Thurston, relevant to the Defendants' statute of limitations defense:[2]

1.  Mr. Thurston commenced this action on August 29, 2003 against the Union, the Union Committee, and BNSF.

2.  One of the Union Committee's functions is to process and resolve claims and grievances of BNSF employees.

3.  The Union Committee has several Local Chairpersons who are the front line officers for handling such claims.  Claims not resolved at the local level are forwarded to the General Chairperson for further handling.  The General Chairperson has final authority to resolve any claim.

4.  The Union Committee in this case also has an Associate General Chairperson.

---

[1] To the extent practicable, the Court refers to each Defendant by name.  Otherwise, the Court refers to them collectively as "the Defendants."

[2] Because the Court concludes that the Defendants are entitled to summary judgment on this defense, facts bearing upon the substantive claims are not included in this section.

This position was created following the merger of two separate committees. The Associate General Chairperson works at the direction of the General Chairperson.

5. The two separate committees merged on December 1, 2002. Up until that date, the General Chairperson of the applicable committee was Robert Repstine. After that date, the General Chairperson of the combined committee was John Fitzgerald. Mr. Repstine became the Associate General Chairperson of the combined committee.

6. In 1996, Mr. Thurston submitted a claim to the Union[3] regarding his vacation leave. The Union accepted this claim, but Mr. Thurston was not happy with the manner in which the Union handled it. The claim was denied, apparently in 1996, although the record is not clear on this point.

7. Mr. Thurston submitted other personal claims to the Union in 1997. The Union accepted these claims. Mr. Thurston learned in late 1997 or early 1998 that the Union let these claims expire by not processing them within 60 days.

8. It was in 1997 that Mr. Thurston realized that the Union would not represent him as aggressively as he felt it should.

9. Mr. Thurston submitted additional personal claims to the Union in 1998. He knew at that time that the Union was not pursuing them, but he decided not to "push" the claims because he was running for the union office of Local Chairperson. He was elected to such office in late 1998.

10. In April 2001, Mr. Thurston posted 56 claims to the National Railroad Adjustment

---

[3] In his deposition, Mr. Thurston refers only to "the Union," apparently making no distinction between the Union and the Union Committee. Therefore, to the extent it is based upon Mr. Thurston's deposition, this recitation of facts also makes no such distinction.

Board which he believed the Union "was not progressing adequately." In taking such action, Mr. Thurston undertook the prosecution of his own claims.

11. There is no evidence that the Union or Union Committee was pursuing any claims on Mr. Thurston's behalf after 2001 and before he filed his Complaint in this action. There also is no evidence that Mr. Thurston asked the Union or Union Committee to provide him representation on any claim or grievance after 2001 and before he filed his Complaint.

12. After December 2002, Mr. Thurston did not ask Mr. Fitzgerald to handle any of his grievances.

### IV. Standard of Review

Determination of claims or defenses on their merits without a trial is governed by Rule 56 of the Federal Rules of Civil Procedure, which facilitates the entry of a judgment if no trial is necessary. *See White v. York Intern. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Rule 56 authorizes summary adjudication when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Substantive law determines the material facts and issues. It specifies the elements that must be proved for a given claim or defense, sets the standard of proof and identifies the party with the burden of proof. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Kaiser-Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989). A factual dispute is "genuine" and summary judgment is precluded if the evidence presented in support of and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter for either party. *See Anderson*, 477 U.S. at 248. When considering a summary judgment motion, a court views all evidence in the light most favorable to the non-moving party, thereby favoring the right to a trial.

*See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

If the movant has the burden of proof on a claim or defense, the movant must establish every element of its claim or defense by sufficient, competent evidence. *See* Fed. R. Civ. P. 56(e). Once the moving party has met its burden, to avoid summary judgment the responding party must present sufficient, competent, contradictory evidence to establish a genuine factual dispute. *See Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991); *Perry v. Woodward*, 199 F.3d 1126, 1131 (10th Cir. 1999).

If the moving party does not have the burden of proof at trial, it must point to an absence of sufficient evidence for a reasonable jury to find in favor of the non-movant on the claim or defense that the non-movant is obligated to prove. If the respondent fails to produce sufficient competent evidence to establish its claim or defense, the claim or defense must be dismissed. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

**V.  Analysis**

The Union, Union Committee, and BNSF contend that Mr. Thurston's claims are barred by the statute of limitations. Mr. Thurston disputes this contention.

A plaintiff must assert a claim for an alleged breach of the duty of fair representation within 6 months of the alleged breach. *See Montgomery v. City of Ardmore*, 365 F.3d 926, 941 (10th Cir. 2004). The limitations period is the same as to all claims in a hybrid suit. *See Lucas v. Mountain States Telephone & Telegraph*, 909 F.2d 419, 421 (10th Cir. 1990). The Defendants bear the burden of establishing that the claims are barred by the statute of limitations. *See Aldrich v. McCulloch Properties, Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980).

The limitations period begins to run when the employee knows, or in the exercise of

reasonable diligence should have known, of the acts constituting the union's alleged violations. *See Lucas*, 909 F.2d at 420-21.  For instance, the limitations period begins to run when a union decides either to reject or abandon an employee's grievance and the employee learns, or through the exercise of reasonable diligence should have learned, of this fact.  *See id.* at 421.  In contrast, when a union agrees to prosecute a grievance, the limitations period normally does not begin to run until the grievance process is exhausted.  *See id.*

Not all union conduct can give rise to a claim for a breach of the duty of fair representation. It is only when a union acts as the sole and exclusive bargaining representative of an employee  with an employer that a duty of fair representation arises.  *See Schwartz v. Brotherhood of Maintenance of Ways Employes,* 264 F.3d 1181, 1185 (10th Cir. 2001); *Vaca v. Sipes*, 386 U.S. 171, 177 (1967).

Based upon the documentary evidence submitted by all parties, which the Court construes most favorably to Mr. Thurston, the Court concludes that Mr. Thurston's claims accrued no later than 2001.  By such time, Mr. Thurston was already aware that the Union would not prosecute his claims to his satisfaction and had decided to pursue his claims on his own, without representation by the Union or the Union Committee.  Because Mr. Thurston did not commence this action until August 29, 2003, his claims are time-barred.

Mr. Thurston contends that the statute of limitations did not begin to run until June 3, 2003.  On that date, a hearing was held before a mediation board.  The record is devoid of specific evidence regarding the purpose of this hearing.[4]  However, it is clear that an arbiter was

---

[4] In his responses to the summary judgment motions, Mr. Thurston proffers that the purpose of the hearing was to decide whether he was retaliated against for reporting safety issues.

appointed to preside over the hearing. At the conclusion of the hearing, Kim Thompson (a Union board member) approached Mr. Thurston and told him that he was wasting his time, that if he did not start working with Mr. Fitzgerald, Mr. Thurston "wasn't going to go anywhere," that the arbiter was going to rule against him with regard to this hearing, and a separate arbiter was going to rule against him with regard to an earlier hearing. Mr. Thurston believes that these events are relevant to determining when the statute of limitations began to run because it was the first time he had information that the Union, the Union Committee, and BNSF were "working together against [him]." However, there is no evidence connecting these events with the prosecution of any grievances by the Union or Union Committee.

**IT IS THEREFORE ORDERED** that:

(1)   The Defendants' Motions for Summary Judgment **(#71, #75)** are **GRANTED**.

(2)   Summary judgment is entered in favor of the Defendants on their affirmative defense that the Plaintiff's claims are barred by the statute of limitations.

(3)   The Clerk of Court is directed to close this case.

Dated this 28th day of February, 2006

                                          **BY THE COURT:**

                                          Marcia S. Krieger
                                          United States District Judge